**STEVEN J. MOSER, P.C.**
1 School Street, Suite 303, Glen Cove, New York 11542
(516) 671-1150 • Fax (516) 882-5420 • sjm@stevenjmoser.com

SUMMONS ISSUED            CV-12 1007

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ MAR 01 2012 ★
LONG ISLAND OFFICE

SEYBERT, J
TOMLINSON, M

| | |
|---|---|
| ELSA AGUILAR ) | |
| ) | COMPLAINT |
| Plaintiff, ) | |
| vs. ) | Case No. _____ |
| ) | |
| EQUINOX HOLDINGS, LLC, EDWARD ) | |
| CARRINGTON, and LUISA DINENNO ) | |
| ) | |
| Defendants. ) | |

Plaintiff ELSA AGUILAR, by her attorney STEVEN J. MOSER, P.C. and for her Complaint against Defendants EQUINOX HOLDINGS, LLC, EDWARD CARRINGTON, and LUISA DINENNO, respectfully alleges as follows:

**PRELIMINARY STATEMENT**

1. This is an action arising out of, *inter alia,* Defendants failure to pay Plaintiff overtime compensation as required by The Fair Labor Standards of 1938 ("FLSA"), 29 U.S.C. § 207. Accordingly Plaintiff is entitled to liquidated damages and attorneys' fees pursuant to the FLSA's penalties provisions, 29 U.S.C. § 216(b).

2. Plaintiff further complains and seeks compensation for Defendants' violation of the wage and overtime provisions of Articles 6 and 19 of the New York State Labor Law and their supporting New York State Department of Labor regulations, N.Y. Comp. Codes R. & Regs. tit. 12, § 142-2.2 ("New York State Labor Law"). Accordingly, plaintiff is entitled to liquidated damages, costs, reasonable attorney's fees, and prejudgment interest pursuant to NY Labor Law §663.

3. Plaintiff further complains and seeks compensation for Defendants' retaliation against her for making complaints regarding FLSA and state law violations.

4. Plaintiff further complaints and seeks compensation for racial discrimination and national origin discrimination and harassment in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e et seq. ("Title VII").

5. Plaintiff further complains and seeks compensation for Defendants' discrimination against her on the basis of her race and national origin in violation of New York State Human Rights Law, Executive Law § 296 et seq. (hereinafter "NYSHRL").

6. Plaintiff further brings an action for unjust enrichment and breach of contract based upon the failure of Defendants to compensate her for all unpaid wages and overtime.

7. Plaintiff seeks economic, compensatory, and punitive damages and other appropriate legal and equitable relief pursuant to federal law.

## JURISDICTION AND VENUE

8. This Court has original federal question jurisdiction under 28 U.S.C. § 1331 and § 1337. This Court has supplemental jurisdiction over the New York state law claims, pursuant to 28 U.S.C. § 1367(a), as they are so related in this action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

9. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because Defendants conduct business in this District, and the acts and/or omissions giving rise to the claims herein alleged took place in this District.

10. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. § 2201 and 2202.

## THE PARTIES

### *Plaintiff*

11.     The plaintiff herein, Elsa Aguilar is a resident of the State of New York, County of Nassau.   She is Hispanic, and was born in El Salvador.

### *Defendants*

12.     All Defendants are hereinafter collectively referred to as "Defendants."

13.     Upon information and belief the corporate Defendant owns and operates a national chain of more than 50 health clubs.

14.     Defendant Equinox Holdings, LLC ("Equinox") is a New York Domestic Business Corporation with a principal executive office at 895 Broadway, New York, NY 10003.

15.     Defendant Equinox Holdings operates a fitness club located at 90 Northern Boulevard, Greenvale, New York 11548 (the "Club").

16.     Defendant Edward Carrington is the General Manager of the Club.

17.     Luisa DiNenno is the Assistant Manager of the Club.

18.     Defendants Edward Carrington and Luisa DiNenno, are the Plaintiffs' "employers" under the Fair Labor Standards Act and New York state law.

## STATEMENT OF FACTS

### *Defendant's Violations of the FLSA and New York State Labor Law*

19.     Defendants committed the following alleged acts knowingly, intentionally and willfully.

20.     Defendants knew that nonpayment of wages would economically injure Plaintiff and would violate federal and state laws.

21. Plaintiff Elsa Aguilar was employed by Defendants as a maintenance worker at the Club from November 26, 2007 until March 20, 2011.

22. At various times within the applicable statute of limitations under the FLSA (3 years), and the New York Labor Law (6 years) Plaintiff worked overtime hours for which she was not compensated by the defendants.

23. On information and belief, the violation emanated from, was approved and/or ratified by, the Defendants.

### *Retaliation against Plaintiff in Violation of the FLSA and State and Municipal Labor Laws*

24. Plaintiff complained to Defendant about Defendant's employment practices, and specifically for failing to pay her for all hours worked.

25. In making these complaints Plaintiff was engaging in a protected activity.

26. As an immediate consequence of Plaintiff's complaints, Defendants managers retaliated against Plaintiff by terminating her on March 20, 2011.

### *Discrimination on the Basis of National Origin in Violation of Title VII and NYSHRL*

27. Plaintiff was born in El Salvador, and is Hispanic.

28. The defendant Luisa DiNenno was born in Italy.

29. Throughout her employment with Defendants, Plaintiff was subjected to humiliation, verbal abuse, and harassment.

30. This harassment was based upon the plaintiff's national origin and race.

### *More Specific Statement of Facts*

31. In 2008 the plaintiff became pregnant and went on maternity leave on or about December 17, 2008 based upon her doctors orders. In February 2009 the plaintiff

called Luisa DiNenno to let her know that she was ready to return to work. Luisa DiNenno told her "You can't come back to work now, because we have someone else doing your job. Call me in a couple of weeks."

32. After repeated telephone calls to Ms. DiNenno, Ms. DiNenno informed the plaintiff that she would only be able to work a 28 hour week, rather than the 40 hour week she had been working before she became pregnant. When the plaintiff explained the financial hardship this would impose on her, Ms. DiNenno responded, "Did I tell you to have a baby!" The plaintiff pleaded in tears. Ms. DiNenno laughed and said "I'm not God…I can't perform miracles."

33. In March 2009 the plaintiff received a letter telling her that she was fired for not returning to work as scheduled. After seeking intervention from the then General Manager, the plaintiff was allowed to return to work.

34. Throughout the time that Luisa DiNenno was the plaintiff's supervisor, she harassed and intimidated the plaintiff by repeating "You know, I'm not like you, because I come from another country."

35. Luisa DiNenno posted a flyer in the break room that said that she would teach the maintenance workers English at her house. The flyer said that the cost per class was $75.00. When the plaintiff asked her "On my salary, how can I ever pay that amount for a single class", Luisa DiNenno responded "I'm not speaking Spanish to you anymore."

36. In January 2011 Ms. DiNenno yelled at the plaintiff and humiliated her in front of employees and club members, because she had used too much water to clean an area rug.

37. Ms. DiNenno would often interrupt the plaintiff's ½ hour lunch break and order her to return to work before finishing her lunch break.

38. On multiple occasions, the plaintiff was ordered by Luisa DiNenno to clean up sewage, feces and urine that had backed up because of a chronic cesspool problem. The plaintiff was not provided with a respirator.

39. On almost every check that the plaintiff received while Luisa DiNenno was her supervisor there were about two hours of pay missing from her check. When she complained to Ms. DiNenno that hours were missing, she would respond "I don't take care of the time, Eddie [Carrington] does." When the plaintiff would bring up the issue with Mr. Carrington, he would respond that any problems with her paycheck should be directed to Luisa DiNenno.

40. At times Luisa DiNenno would ask the plaintiff to work extra hours at the end of her shift. The plaintiff would respond that she did not want to work the extra hours if she was not going to be paid. Luisa DiNenno would assure the plaintiff that she would be paid for her overtime. However, more often than not she was never paid the overtime. Ms. DiNenno would then say "Oh, that's a mistake. We will make sure that it's on the next paycheck." Of course, when the next paycheck arrived, hours would still be missing.

41. The plaintiff worked four additional hours over her regular shift during the first two weeks of March 2011. When the plaintiff complained to Luisa DiNenno, and left her the pay stub to show that she was again cheated out of hours, Ms. DiNenno said "I'm going to talk to Eddie about it, but I have had it up to 'here' with you and Claudia [Polanco, a fellow employee]. Always problems with you!" The plaintiff responded

"I'm not asking for something that's not mine. I'm only asking for the money that I have earned." Ms. DiNenno responded "We'll see."

42. The day after that was a Saturday. The plaintiff did not work. She returned to work on Sunday. Eddie Carrington was there. He was angry. He said, "Since you're not doing your job right, there's no more work for you here." He finished by saying in Spanish "Manana, no mas trabajo."

## ADMINISTRATIVE REQUIREMENTS

43. On October 3, 2011, the plaintiff filed a charge ("Charge") with the Equal Employment Opportunity Commission ("EEOC") charging the defendant with discriminating against the plaintiff on the basis of her national origin, which was also filed with the New York State Division of Human Rights.

44. The Charge was filed within 300 days of the plaintiff's termination on March 20, 2011.

45. On December 5, 2011, the plaintiff received a Notification of Right to Sue from the EEOC. A copy of the Notification of Right to Sue is annexed hereto as *Exhibit 1*.

46. This lawsuit has been filed within 90 days of the date on which the plaintiff received the Notification of Right to Sue from the EEOC.

## CAUSES OF ACTION

### *FIRST CAUSE OF ACTION*

(FLSA Overtime Violations, 29 U.S.C. §§ 201 et seq.)

47. Plaintiff realleges and incorporates by reference all allegations in the preceding paragraphs.

48. At all times relevant to this action, Defendants were engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. Sections 206(a) and 207(a) and/or was employed in an enterprise engaged in commerce for the production of goods for commerce within the meaning of 29 U.S.C. Sections 206(a) and 207(a).

49. Throughout the statute of limitations period covered by these claims, Plaintiff worked in excess of forty (40) hours per workweek.

50. At all relevant times, Defendants had and operated under a decision, policy and plan, and under common policies, programs, practices, procedures, protocols, routines, and rules of willfully failing and refusing to pay Plaintiff at one and one half times the regular hourly rate for work in excess of forty (40) hours per workweek.

51. At all relevant times, Defendants willfully, regularly, and repeatedly failed to pay Plaintiff at the required overtime rates, one and a half times the regular rate for hours worked in excess of forty (40) hours per workweek, in violation of the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq., including 29 U.S.C. §§ 207, et seq., and 29 U.S.C. §§ 215, 216 et seq., and their implementing regulations.

52. Defendants' failure to comply with the FLSA overtime provisions caused Plaintiff to suffer loss of wages and interest thereon.

53. Plaintiff seeks damages in the amount of their unpaid overtime compensation, liquidated (double) damages as provided by the FLSA for overtime violations, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

## SECOND CAUSE OF ACTION

(New York Minimum Wage Act, N.Y. Stat § 650 et seq.)

54. Plaintiff realleges and incorporates by reference all allegations in the preceding paragraphs.

55. At all relevant times, Plaintiff was employed by Defendants within the meaning of the New York Labor Law §§ 2 and 651.

56. It is unlawful under New York law for an employer to suffer or permit a non-exempt employee to work without paying overtime wages for all hours worked in excess of forty (40) hours in any workweek.

57. Defendants' failure to pay proper overtime wages for each hour worked over 40 per week was willful within the meaning of Labor Law §663.

58. Defendants' failure to comply with the New York Labor Law overtime provisions caused Plaintiff to suffer loss of wages and interest thereon.

59. As a direct and proximate result of Defendants' New York State Labor Law violations, Plaintiff has sustained damages, including loss of earnings, in an amount to be established at trial, and is entitled to recover from Defendants her unpaid wages and unpaid overtime compensation, prejudgment interest, liquidated damages, costs, reasonable attorneys' fees, and costs and disbursements of the action pursuant to New York Labor Law § 663 (a) et seq.

## THIRD CAUSE OF ACTION

(Retaliation Under Fair Labor Standards Act)

60. Plaintiff realleges and incorporates by reference all allegations in the preceding paragraphs.

61. At various times during her employment with Defendants, Plaintiff raised complaints concerning her failure to be properly compensated for overtime.

62. Whenever Plaintiff raised these complaints Defendants' managers responded by harassing Plaintiff and stonewalling. In retaliation for her complaints, Defendants' managers also fired Plaintiff.

63. Defendants verbal abuse, harassment, constructive termination of Plaintiff, and other retaliatory acts following her complaints for violations of the FLSA are in direct violation of Plaintiff's rights under 29 U.S.C. § 215(a)(3).

64. Plaintiff engaged in the protected activity of complaining to his employer regarding issues of overtime and other owed compensation. A causal link exists between the protected activity and adverse employment action as Defendants knew of Plaintiff's activities and complaints, and Defendants' retaliatory acts were a direct result of such complaints.

65. As a direct and proximate result of Defendants' conduct, Plaintiff has suffered irreparable injuries and damages.

66. Plaintiff seeks relief as provided by 29 U.S.C. § 216(b), including, without limitation, backpay for lost wages, loss of other benefits, and any and all such legal or equitable relief as may be appropriate to effectuate for purposes of Section 215(a)(3), including but not limited to compensatory damages for mental anguish and emotional distress and other injuries incurred as a result of the retaliation.

67. As Defendants' retaliatory actions, including but not limited to the dismissal of Plaintiff, were willful, malicious, and/or with conscious disregard of plaintiffs statutorily protected rights, Plaintiff is entitled to an award of punitive damages.

68. Plaintiff also request damages for such additional relief as justice may require, together with costs, attorney fees, pre-judgment interest, post-judgment interest, and other appropriate relief as the Court may grant in this action.

## *FOURTH CAUSE OF ACTION*

(Retaliation Under New York Labor Law Section 215)

69. Plaintiff realleges and incorporates by reference all allegations in the preceding paragraphs.

70. At various times during her employment with Defendants, Plaintiff raised complaints concerning her failure to be properly compensated for overtime.

71. Whenever Plaintiff raised these complaints Defendants' managers responded by harassing Plaintiff and stonewalling. In retaliation for her complaints, Defendants' managers also fired Plaintiff.

72. Defendants verbal abuse, harassment, constructive termination of Plaintiff, and other retaliatory acts following her complaints for violations of Section 215 of the New York Labor Law State labor Law, McKinney's Labor Law § 215(1)(a).

73. Plaintiff engaged in the protected activity of complaining to her employer regarding issues of overtime and other owed compensation. A causal link exists between the protected activity and adverse employment action as Defendants knew of Plaintiff's activities and complaints, and Defendants' retaliatory acts were a direct result of such complaints.

74. As a direct and proximate result of Defendants' conduct, Plaintiff has suffered irreparable injuries and damages.

75. Plaintiff seeks relief as provided by Section 215 of the New York Labor Law State labor Law, McKinney's Labor Law § 215(2), including, without limitation, backpay for lost wages, liquidated damages, or diminishment, loss of other benefits, and any and all such legal or equitable relief as may be appropriate to effectuate for purposes of Section 215 of the New York Labor Law State labor Law, including but not limited to compensatory damages for mental anguish and emotional distress and other injuries incurred as a result of the retaliation.

76. As Defendants' retaliatory actions, including but not limited to the dismissal of Plaintiff, were willful, malicious, and/or with conscious disregard of plaintiffs statutorily protected rights, Plaintiff is entitled to an award of punitive damages.

77. Plaintiff also request damages for such additional relief as justice may require, together with costs, attorney fees, pre-judgment interest, post-judgment interest, and other appropriate relief as the Court may grant in this action.

### *FIFTH CAUSE OF ACTION*

(Discrimination Based on Race and National Origin in Violation of the Civil Rights Act of 1964)

78. Plaintiff realleges and incorporates by reference each allegation contained in the paragraphs above, and by reference repleads and incorporates them as though fully set forth here.

79. At all relevant times, Plaintiff was an "employee" of Defendant under Title VII, 42 U.S.C. § 2000e(f).

80. Defendant is an "employer" under Title VII, 42 U.S.C. § 2000e(b).

81. Plaintiff is of Salvadoran ancestry and national origin, and his Hispanic.

82. As alleged above, the defendants engaged in unlawful national origin discrimination and harassment by, among other things, repeatedly subjecting the plaintiff to repeated comments about her national origin, demeaning treatment, harassment, intimidation, lunch break interruptions, and forcing her to clean up feces and urine from a dysfunctional cesspool.

83. Non-hispanic employees of the Club were not subjected to this treatment.

84. As a result of Defendant's discrimination, Plaintiff has suffered substantial damages and is entitled to back pay and front pay or reinstatement lost benefits, compensatory and punitive damages, interest, and attorneys' fees, interest, and costs, all in amounts to be determined at trial.

85. Upon information and belief, Defendant engaged in its discriminatory conduct with malice and/or reckless indifference to Plaintiffs' federally protected rights. Plaintiff is therefore entitled to punitive damages under Title VII.

### *SIXTH CAUSE OF ACTION*

(Discrimination Based on National Origin in Violation of NYSHRL)

86. Plaintiff repeats and re-alleges the allegations set forth in the preceding paragraphs, as if fully set forth herein.

87. Plaintiff is of Salvadoran ancestry and national origin, and his Hispanic.

88. Harassment on the basis of national origin creates an abusive and hostile work environment such that the conditions of employment are altered, is actionable under NYSHRL as national origin discrimination.

89. Defendants discriminated against Plaintiff by permitting an ongoing, severe and pervasive pattern and practice of discrimination against Plaintiff by harassing and demeaning Plaintiff.

90. Defendant's discrimination against Plaintiff based on her national origin substantially and materially altered Plaintiff's conditions of employment by creating an abusive working environment for her.

91. With respect to allegations of harassment on the basis of national origin, the Corporate Defendant is strictly liable for the acts of its supervisory employees because the harassers used their actual or apparent authority to further the unlawful conduct and were otherwise aided in accomplishing the unlawful conduct by the existence of an agency relationship.

92. The Defendants are liable for the acts of co-workers of Plaintiff because Defendants provided no reasonable avenue of complaint.

93. The Defendants are liable for the acts of co-workers of Plaintiff because the Corporate Defendant knew of the harassment but did nothing about it.

94. Defendant's conduct with regard to national origin discrimination against Plaintiff has been intentional, deliberate, willful, malicious, reckless, and conducted in callous disregard of Plaintiff's rights.

95. As a direct and proximate result of Defendant's aforementioned conduct, Plaintiff was damaged and suffered economic losses, mental and emotional harm, anguish and humiliation.

## *SEVENTH CAUSE OF ACTION*

### Unjust Enrichment

96. Plaintiff realleges and incorporates by reference each allegation contained in the paragraphs above, and by reference repleads and incorporates them as though fully set forth here.

97. Defendants have been unjustly enriched by withholding monies that rightfully belong to Plaintiff.

98. Defendants are liable to Plaintiff in the amount of compensation unlawfully withheld from her.

## *EIGHTH CAUSE OF ACTION*

### Breach of Contract

99. Plaintiff realleges and incorporates by reference each allegation contained in the paragraphs above, and by reference repleads and incorporates them as though fully set forth here.

100. Plaintiff and Defendants had an implied employment contract insofar as the employment relationship is inherently contractual in nature.

101. Plaintiff agreed to perform certain functions for Defendants, in exchange for certain compensation.

102. Specifically, Defendants agreed to pay Plaintiff a certain rate of pay for all hours worked, and time and a half that rate of pay for hours over 40 worked in a workweek.

103. By failing to pay Plaintiff for all time worked and/or at her proper overtime rate, Defendants breached their contract of employment with Plaintiff.

104. By terminating Plaintiff's employment in retaliation for raising complaints about Defendants' pay practices, Defendants breached their contract of employment with Plaintiff.

**PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff respectfully requests that this Court grant the following relief:

a) On Plaintiff's First Cause of Action for Violations of the FLSA (FLSA Overtime Violations, 29 U.S.C. §§ 201 et seq.), an award of damages and unpaid overtime compensation due under the FLSA, as well as liquidated damages, costs, attorneys fees, and interest;

b) On Plaintiff's Second Cause of Action for Violations of New York Labor Law (New York Minimum Wage Act, N.Y. Stat. § 650 et seq.), an award of damages and unpaid overtime compensation due under New York Labor Law, as well as liquidated damages, costs, attorneys fees, and interest;

c) On Plaintiff's Third Cause of Action for Retaliation in Violation of the FLSA (Retaliation Under Fair Labor Standards Act), an award of damages, back pay, front pay, attorneys fees, and costs as a result of Defendant's violations of the FLSA's anti-retaliation provisions, 29 U.S.C. § 215(a)(3);

d) On Plaintiff's Fourth Cause of Action for Retaliation under New York Labor Law Section 215, an award of damages, back pay, front pay, attorneys fees, and costs f)

e) On Plaintiffs Fifth Cause of Action for Violations of Title VII (Discrimination Based on National Origin and Race), back pay, front pay, lost benefits, compensatory and

punitive damages, interest, attorneys' fees and costs, all in amounts to be determined at trial;

f) On Plaintiff's Sixth Cause of Action for Retaliation in Violation of NYCHRL (Discrimination Based on National Origin in Violation of NYCHRL), damages in an amount to be determined at trial;

g) On Plaintiff's Seventh Cause of Action for Unjust Enrichment, all unpaid wages and overtime due and owing to the plaintiff, together with Plaintiff's reasonable attorney's fees and costs;

h) On Plaintiff's Eighth Cause of Action for Breach of Cointract, all unpaid wages and overtime due and owing to the plaintiff, together with Plaintiff's reasonable attorney's fees and costs;

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a jury trial on all causes of action and claims with respect to which they have a right to jury trial.

Dated: Glen Cove, New York
February 29, 2012

Yours, etc.

Steven J. Moser, Esq.
Steven J. Moser, P.C.
*Attorney for Plaintiffs*
1 School Street, Suite 303
Glen Cove, New York  11542
(516) 671-1150
Fax (516) 2882-5420
stevenjmoser@gmail.com

# EXHIBIT 1

EEOC Form 161 (11/09)     **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

To: **Elsa Aguilar**
    **20 Hazel Street**
    **Glen Cove, NY 11542**

From: **New York District Office**
      **33 Whitehall Street**
      **5th Floor**
      **New York, NY 10004**

[ ] *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 520-2012-00040 | Debra L. Curry, Investigator | (212) 336-3768 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

Kevin J. Berry                    11/21/11
Kevin J. Berry                    (Date Mailed)
District Director

Enclosures(s)

cc:  Attn:
     **Director of Human Resources**
     **EQUINOX HOLDING INC**
     **895 Broadway**
     **3rd Floor**
     **New York, NY 10003**

     Steven Moser, Esq.
     STEVEN J. MOSER P.C.
     1 School Street
     Suite 303
     Glen Cove, NY 11542