UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------X

ELSA AGUILAR and CLAUDIA
POLANCO,

                             Plaintiffs,

               -against-

EQUINOX HOLDINGS, LLC, EDWARD
CARRINGTON, and LUISA DINENNO,

                            Defendants.

Civ. No.: 12-CV-01007

Seybert, J.
Tomlinson, M.J.

------------------------------------------------------------X

## AGREEMENT AND GENERAL RELEASE

      **THIS SETTLEMENT AGREEMENT** ("Agreement"), is effective as of the date each party signs their Agreement by and between Claudia Polanco (hereinafter "Employee") and Equinox Holdings, Inc. (incorrectly named in the lawsuit as "Equinox Holdings, LLC")(hereinafter "Equinox"); Edward Carrington, and Luisa Dinneno and all of Equinox's employees, agents, and attorneys, together with their predecessors, successors and assigns, both jointly and severally. The Company and Employee may sometimes be referred to herein singularly as a "Party" or collectively as the "Parties."

### W I T N E S S E T H:

      **WHEREAS**, Employee previously worked for Equinox and did so until March 19, 2012;

      **WHEREAS,** Employee claims to have suffered discrimination based on her national origin, as well as sexual harassment, and to wages and overtime;

      **WHEREAS**, on or about March 7, 2012, Employee initiated this lawsuit in the United States District Court For The Eastern District Of New York, such case being styled *Elsa Aguilar and Claudia Polanco v. Equinox Holdings, LLC, Edward Carrington, and Luisa Dinneno*, Civil Action File Number 2:12-cv-01007-JS-AKT (the "Lawsuit"); after having filed a charge of discrimination with the New York State Division of Human Rights ("NYSDHR");

      **WHEREAS**, the Parties wish to compromise and settle all their respective claims against the other relating to the Lawsuit;

      **WHEREAS,** the Parties understand that Defendants deny each and every allegation of wrongdoing, including, but not limited to, the allegations and statements contained in pleadings in the Lawsuit and in any other document or statement whatsoever; and,

**WHEREAS**, the Parties understand and agree that neither the making of this Settlement Agreement and General Release (hereinafter the "Agreement") nor anything contained herein shall be construed or considered in any way to be an admission of guilt or noncompliance with any federal, state or local statute, order, regulation or ordinance, public policy, tort law, contract (whether oral or written, express or implied), common law, the Company's policies, practices, benefit plans, compensation plans or procedures, or of any other wrongdoing whatsoever; and the parties understand and agree that Employee's assent to this Agreement shall not be construed in any way to be an admission by Employer of any wrongdoing or non-compliance.

**NOW THEREFORE**, in consideration of this Agreement, the mutual promises contained herein, and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, Equinox, having its principal offices at 895 Broadway, New York, New York 10003, and Claudia Polanco agree that:

1. **Last Day of Employment**. Ms. Polanco's last day of employment with Equinox was March 19, 2011.

2. **Definition of Parties**.

    a. "Employee" is defined to include, but is not limited to, Claudia Polanco, and all affiliated persons or entities, including, but not limited to, her present or former domestic partner, spouse, dependents, heirs, assigns, successors, creditors, debtors, counsel and any otherwise affiliated or related persons and entities. If an obligation or right is that of Ms. Polanco personally, she will be referred to as "Ms. Polanco;" and,

    b. "Employer" shall be defined as Equinox Holdings, Inc. and all presently or formerly affiliated persons or entities including, but not limited to, any present or former parent corporations, subsidiaries, divisions, affiliated entities, employee benefit plans, purchasers of assets or stock, investors, insurers, joint ventures, shareholders, successors, assigns, counsel, administrators, heirs, creditors, debtors, executors, officers, partners, directors, agents, fiduciaries, representatives, the employees, the individual Defendants (Edward Carrington and Luisa Dinenno) and representatives of any such entity, and any otherwise related persons or entities.

3. **Consideration**. In consideration for Ms. Polanco's signing this Agreement and compliance with the promises made herein, Equinox agrees to pay Ms. Polanco the total settlement amount of $12,000.00, in the following manner:

    a. A check payable to "Claudia Polanco" in the amount of Seven Hundred Sixty Seven Dollars and Sixty-Six Cents ($767.66), less applicable withholdings, within thirty (30) days of Ms. Polanco's execution and delivery of this Agreement to Equinox's counsel (provided Ms. Polanco does not revoke her acceptance of this Agreement during the seven (7) calendar-day revocation period described in Paragraph 11 below) for which Ms. Polanco shall receive a Form W-2;

        b.      A check payable to "Claudia Polanco" in the amount of Six Thousand Nine Hundred Eight Dollars and Ninety-Five Cents ($6,908.95) within thirty (30) days of Ms. Polanco's execution and delivery of this Agreement to Equinox's counsel (provided Ms. Polanco does not revoke her acceptance of this Agreement during the seven (7) calendar-day revocation period described in Paragraph 11 below) for which Ms. Polanco shall receive a Form 1099;

        c.      A check payable to "Steven J. Moser, P.C. as Attorneys" in the amount of Four Thousand Three Hundred Twenty-Three Dollars and Thirty-Nine Cents ($4,323.39) within thirty (30) days of Ms. Polanco's execution and delivery of this Agreement to Equinox's counsel (provided Ms. Polanco does not revoke her acceptance of this Agreement during the seven (7) calendar-day revocation period described in Paragraph 11 below) for which Ms. Polanco and her counsel each shall receive a Form 1099;

        d.      Ms. Polanco must ensure that all taxes relating to the payments made hereunder properly are paid. In the event that any federal, state or local taxing authority or court determines that taxes, interest and/or penalties are due and owing by Ms. Polanco as a result of the payments made hereunder, said taxes, interest, penalties or other liabilities shall be the sole obligation and liability of Ms. Polanco, who agrees to hold harmless and to indemnify Employer from any tax-related or other liability; and,

        e.      The consideration represents a complete settlement, satisfaction, release and waiver of all claims, including, but not limited to, those for alleged lost wages, benefits or other compensation, mental, physical or other personal injuries, pain and suffering, liquidated damages, punitive damages, attorneys' fees, costs, and any other relief which Employee may have against Employer.

    4.    **No Consideration Absent Execution of This Agreement**. Employee understands and agrees she would not receive the considering specified in Paragraph 3 above, except for her execution of this Agreement and the fulfillment of the promises contained herein.

    5.    **General Release of Claims**. In return for the payments identified in paragraph 3, Employee knowingly and voluntarily releases and forever discharges Employer and Equinox Holdings, LLC, Edward Carrington, and Luisa Dinenno (collectively referred to as "Defendants") of and from any and all claims, whether known and unknown, she has or may have against Defendants as of the date of execution of this Agreement, including, but not limited to, any alleged violation of:

Title VII of the Civil Rights Act of 1964;

The Civil Rights Act of 1991;

Sections 1981 through 1988 of Title 42 of the United States Code;
The Employee Retirement Income Security Act of 1974;

The Immigration Reform and Control Act;

The Sarbanes-Oxley Act of 2002;

The Americans with Disabilities Act of 1990;

The Family and Medical Leave Act;

The Age Discrimination in Employment Act of 1967;

The Fair Credit Reporting Act;

The Fair Labor Standards Act;

The New York State Executive Law (including its Human Rights Law);

The New York State Labor Law including wage, wage-theft, wage-hour and wage payment provisions;

The New York wage and wage–hour laws;

The New York City Administrative Code (including its Human Rights Law);

Any other federal, state or local civil, human rights, bias, whistleblower, discrimination, retaliation, compensation, employment, labor or other local, state or federal law, regulation or ordinance;

Any amendments to the foregoing laws;

Any benefit, payroll or other plan, policy or program;

Any public policy, contract, third-party beneficiary, tort or common law claim; or,

Any claim for costs, fees, or other expenses including attorneys' fees.

6.  **Acknowledgments and Affirmations**.

f.  Ms. Polanco has not filed, caused to be filed, or presently is a party to any claim against Defendants other than the lawsuit being settled at this time;

g.  Ms. Polanco affirms she has been paid has received all compensation, wages, bonuses, commissions and/or benefits to which she may be entitled and none is due to her;

h.  Ms. Polanco affirms that she has been granted any leave to which she was entitled under the Family and Medical Leave Act or related state or local leave or disability accommodation laws;

i.  Employee affirms that she has not asserted a claim in any proceeding seeking unpaid wage or overtime pay under the Fair Labor Standards Act, the New

York State Labor Law, or any other law, regulation or basis and affirms she will not, at any point from the date this Agreement is fully executed and going forward, institute a claim or lawsuit of any kind, including, but not limited to, a claim or lawsuit against Employer alleging a violation of the Fair Labor Standards Act, New York State Labor Law (whether for overtime pay, minimum wage or any other relief or recovery whatsoever). If Employee violates this subparagraph (c) by instituting such a lawsuit, he shall forfeit entitlement to, and must return $8,000.00 of the $12,000.00 paid pursuant to paragraph 3 above, within 30 days of the filing of the lawsuit or claim;

        j.      If paragraph 6(d) is declared illegal or unenforceable by any court of competent jurisdiction, the parties agree that the entire settlement amount identified in paragraph 2 shall be deemed a set off against any recovery by Employee in a wage, wage payment, overtime or other suit or claim, whether under the Fair Labor Standards Act, the New York State Labor Law, or any other statute, regulation or other basis whatsoever. In addition, Employee shall be required to pay the attorneys' fees incurred by Employer in the defense of any such or subsequent lawsuit or claim;

        k.      Employee represents, warrants, and acknowledges that there are bona fide disputes between Employer and Employee as to whether Employee is entitled to receive unpaid wages and/or overtime as she alleges or any other monies whatsoever. Accordingly, the parties have not found it necessary for the United States Department of Labor (the "USDOL"), the New York State Department of Labor (the "NYSDOL"), or any other federal, state, or local governmental department or agency to supervise or approve this Agreement; and Employee represents, warrants, and agrees that neither Employee nor any person acting on behalf of Employee, shall request the USDOL, the NYSDOL, or any other federal, state, or local governmental department or agency to supervise or approve this Agreement or shall take the position that this Agreement should be or should have been supervised or approved by the USDOL, the NYSDOL, or any other federal, state, or local governmental department or agency;

        l.      Employee affirms her understanding that the statute of limitation for any claim she might possess under any of the statutes referenced in Paragraph 5(a), including specifically the Fair Labor Standards Act, is not tolled by the signing of this Agreement or the negotiations leading up to the formation of this Agreement (except as reflected in the parties' written tolling agreements, any and all of which are rescinded nunc pro tunc) and continues run;

        m.      Ms. Polanco affirms she has no known workplace injuries or occupational diseases;

        n.      Ms. Polanco affirms she has not divulged any proprietary or confidential information of Employer and will continue to maintain the confidentiality of such information consistent with Employer's policies and Ms. Polanco's agreement with Employer and/or common law;

        o.      Employee never reported any allegations of wrongdoing by Employer or its officers or employees other than filing this Lawsuit; and,

        p.      Both Employer and Employee acknowledge that this Agreement does not limit either party's right, where applicable, to file or participate in an investigative proceeding of any federal, state or local governmental agency. To the extent permitted by law, Employee agrees that if such an administrative claim is made, Employee shall not be entitled to recover any individual monetary relief or other individual remedies.

        7.      **Non-Disparagement**. Employee agrees not to defame Employer in any manner whatsoever.

        8.      **Governing Law and Interpretation.** This Agreement shall be governed and conformed in accordance with the laws of the State of New York without regard to its conflict or choice of law provisions to create binding mutual general releases and covenants not to sue. In the event the Employee or Employer breaches any provision of this Agreement, Employee and Employer affirm that either may institute an action to specifically enforce any term or terms of this Agreement. If any provision of this Agreement is declared illegal or unenforceable by any court of competent jurisdiction, the parties agree the court shall have the authority to modify, alter or change the provision(s) in question to make the Agreement legal and enforceable. If this Agreement cannot be modified to be enforceable, excluding the general release language, such provision shall immediately become null and void, leaving the remainder of this Agreement in full force and effect. If the general release language is found to be illegal or unenforceable, Employee agrees to execute a binding replacement release.

        9.      **Amendment**. Except as provided in Paragraph 8 above, this Agreement may not be modified, altered or changed without the express written consent of both parties wherein specific reference is made to this Agreement.

        10.      **Revocation**. Ms. Polanco may revoke this Agreement for a period of seven (7) calendar days following the day she executes this Agreement. Any revocation within this period must be submitted, in writing, to Paul J. Siegel, Esq., Jackson Lewis LLP, 58 S. Service Road, Suite 410, Melville, New York 11747, and state, "I hereby revoke my acceptance of our Agreement and General Release." The revocation must be personally delivered to Mr. Siegel or his designee, or mailed to the address listed above and postmarked within seven (7) calendar days of execution of this Agreement. If the last day of the revocation period is a Saturday, Sunday, or legal holiday, then the revocation period shall not expire until the next following day which is not a Saturday, Sunday, or legal holiday.

        11.      **Resolution of Disputes**. Any controversy or claim arising out of this Agreement, or the breach thereof, or any other dispute between the parties, shall be decided by an appropriate New York State or federal court, and all such claims shall be adjudicated by a judge sitting without a jury. The parties hereby consent to the jurisdiction of such courts for the purposes set forth herein.

        12.      **Nonadmission of Wrongdoing.** The parties agree that neither this Agreement nor the furnishing of the consideration for this Agreement shall be deemed or construed at any time for any purpose as an admission by either party of any liability or unlawful conduct of any kind.

13. **Entire Agreement**. This Agreement sets forth the entire agreement between the parties hereto, and fully supersedes any prior agreements or understandings between the parties. Employee acknowledges she has not relied on any representations, promises, or agreements of any kind made to her in connection with her decision to accept this Agreement, except for those set forth in this Agreement.

14. **Section Headings**. Section headings are used herein for convenience of reference only and shall not affect the meaning of any provision of this Agreement.

15. **Counterparts**. This Agreement may be executed in counterparts, and delivered by facsimile (and followed by first class mail), each of which shall be deemed an original and each of which shall together constitute one and the same agreement. This Agreement shall not be enforceable until executed by Employer.

16. **Legal Fees**. Each party will be responsible for its own legal fees or costs, if any, incurred in connection with the negotiation and settlement of this Agreement or in any proceeding to enforce this Agreement.

17. **Joint Participation in Preparation of Agreement**. The Parties participated jointly in the negotiation and preparation of this Agreement, and each party has had the opportunity to obtain the advice of legal counsel and to review, comment upon, and redraft this Agreement. Accordingly, it is agreed that no rule of construction shall apply against any party or in favor of any party. This Agreement shall be construed as if the Parties jointly prepared this Agreement, and any uncertainty or ambiguity shall not be interpreted against any one party and in favor of the other.

18. **Competency to Waive Claims**. At the time of considering or executing this Agreement, Ms. Polanco was not affected or impaired by illness, use of alcohol, drugs or other substances or otherwise impaired. Ms. Polanco is competent to execute this Agreement and knowingly and voluntarily waives any and all claims he may have against Employer. Ms. Polanco certifies she is not a party to any bankruptcy, lien, creditor-debtor or other proceedings which would impair her right or ability to waive all claims she may have against Employer.

EMPLOYEE HAS BEEN ADVISED THAT SHE HAS TWENTY-ONE (21) CALENDAR DAYS TO REVIEW THIS AGREEMENT, HAS BEEN ADVISED IN WRITING TO CONSULT WITH AN ATTORNEY BEFORE SIGNING IT AND HAS CONSULTED WITH HER COUNSEL, STEVEN J. MOSER, ESQ., REGARDING THE AGREEMENT.

EMPLOYEE AGREES THAT ANY MODIFICATIONS, MATERIAL OR OTHERWISE, MADE TO THIS AGREEMENT DO NOT RESTART OR AFFECT IN ANY MANNER THE ORIGINAL TWENTY-ONE (21) CALENDAR DAY CONSIDERATION PERIOD.

HAVING ELECTED TO EXECUTE THIS AGREEMENT, TO FULFILL THE PROMISES AND TO RECEIVE THE SUMS AND BENEFITS IN PARAGRAPH 3 ABOVE, EMPLOYEE FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION, ENTERS INTO THIS AGREEMENT INTENDING TO WAIVE, SETTLE AND RELEASE ALL CLAIMS SHE HAS OR MIGHT HAVE AGAINST EMPLOYER.

IN WITNESS WHEREOF, the parties hereto knowingly and voluntarily executed this Agreement and General Release as of the date set forth below:

**CLAUDIA POLANCO** *[signature]*

Date: AUG 30, 2012

**EQUINOX HOLDINGS, INC.**

By: *[signature]* GREG HILL

Date: 9-26-12

Plaintiff and Plaintiff's counsel warrant that Plaintiff is not a Medicare beneficiary as of the date of this release. Because the Plaintiff is not a Medicare recipient as of the date of this release, no conditional payments have been made by Medicare.

*[signature]*
**CLAUDIA POLANCO**

STEVEN J. MOSER, P.C.
*ATTORNEYS FOR PLAINTIFF*
1 School Street, Suite 303
Glen Cove, New York 11543
(516) 671-1150

By: *[signature]*
Steven J. Moser, Esq.